UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK J. WALKER, | ) |
| Plaintiff, | ) Case No. 10 C 7239 |
| v. | ) Magistrate Judge Sidney I. Schenkier |
| MICHAEL ASTRUE,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Mark J. Walker, filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). On July 13, 2011, this Court reversed the Commissioner's final decision and remanded for further proceedings. *Walker v. Astrue*, No. 10 C 7239, 2011 WL 4639841, *1 (N.D. Ill. July 13, 2011).

On August 10, 2011, Mr. Walker filed this timely motion seeking $7,684.94 in attorneys' fees and costs associated with this action, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (doc. # 28). For the reasons set forth below, this Court grants Mr. Walker's motion and awards $7,684.94 in attorneys' fees and costs.

I.

Under EAJA, a plaintiff is eligible for attorneys' fees and costs in a civil action against the United States where (1) the plaintiff is a "prevailing party"; (2) the government's position was not "substantially justified"; and (3) no special circumstances make the award unjust.

28 U.S.C. § 2412(d)(1)(A). Mr. Walker is a "prevailing party" by virtue of the fact that we reversed and remanded the decision of the Administrative Law Judge ("ALJ"). *See Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). And, there are no special circumstances in this case that would make the award unjust. The parties only dispute whether the Commissioner's position was "substantially justified."

The Commissioner has the burden of proving he was substantially justified in both his pre-litigation conduct and litigation position. *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009) (citing *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006)). The Commissioner's pre-litigation conduct includes the ALJ's decision. *Id.* Substantially justified means "justified to a degree that could satisfy a reasonable person." *United States v. Thouvenot*, 596 F.3d 378, 381 (7th Cir. 2010) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). A substantially justified position has "a reasonable basis in fact and law, and . . . a reasonable connection between the facts and the legal theory." *Stewart*, 561 F.3d at 683.

The "substantially justified" standard differs from the "substantial evidence" standard used in reviewing SSI and DIB appeals. *See Cunningham v. Barnhart*, 440 F.3d 862 (7th Cir. 2006). Because the government may have had "substantial justification" for taking or defending a position that ultimately was rejected, remand of the ALJ's opinion for lack of substantial evidence is not conclusive evidence that the Commissioner's position was not substantially justified. *Id.* However, the Commissioner's position is not substantially justified when the ALJ's opinion violates well–established precedent or the Commissioner's own regulations. *Stewart*, 561 F.3d at 684-85. Nor is his position substantially justified if the ALJ mischaracterizes or ignores substantial evidence. *Golembiewski v. Barnhart*, 382 F.3d 721, 724-25 (7th Cir. 2004). Strong and unambiguous language pointing out errors in the ALJ's decision

2

constitutes evidence supporting the conclusion that the Commissioner's position was not substantially justified. *Id.* at 725.

**II.**

In this case, the parties dispute whether the ALJ was substantially justified in rejecting part of the assessment made by Mr. Walker's treating physician, Dr. Song Piyaka. Specifically, in evaluating Mr. Walker's residual functional capacity ("RFC"), the ALJ "accommodated many of" the limitations in Dr. Piyaka's report, but was "not persuaded" by Dr. Piyaka's opinion that Mr. Walker was "unable to work in any capacity" (R. 21). The ALJ's reasoning was that Dr. Piyaka's two–plus year relationship with Mr. Walker as his treating psychiatrist made it "reasonable to assume that Dr. Piyaka is sympathetic to his patient's complaints and is relying on subjective reports rather than objective findings" (R. 21). Conversely, the ALJ gave "very substantial weight" to the opinion of the Medical Examiner ("ME"), who had never treated Mr. Walker, in concluding that Mr. Walker retained the RFC to perform work with limitations stemming from his mental impairment, bipolar disorder (R. 18, 22).

This Court found the ALJ's evaluation of Dr. Piyaka's opinion insufficient under 20 C.F.R. § 404.1527(d). *Walker*, 2011 WL 4639841, at *13-14. We also found the ALJ's summary rejection of Dr. Piyaka's Global Assessment Functioning ("GAF") scores inconsistent with Seventh Circuit case law. *Id.* at *14-15. We remanded the decision for proceedings consistent with the opinion, and instructed the ALJ to consider case law and evidence he previously did not discuss. *Id.* at *15 & n.6.

Mr. Walker contends the lack of substantial justification for the Commissioner's position "is manifest in this Court's decision" (Pl.'s, Mot. at 3). The Commissioner counters that his position was substantially justified because the ALJ had a reasonable basis for drawing his

3

conclusions (Def.'s Resp. at 3-5). For several reasons, we conclude that the Commissioner has failed to provide substantial justification for his position.

*First*, the ALJ had no legitimate basis to *assume* Dr. Piyaka's medical opinion was improperly colored by his status as Mr. Walker's treater. The ALJ's assumption was unsupported by any factual evidence, as the ALJ "pointed to no evidence that the length of the doctor–patient relationship . . . clouded Dr. Piyaka's judgment." *Walker*, 2011 WL 4639841, at *14. The kind of blanket assumption that the ALJ made runs contrary to well–settled principle that an ALJ "must give a treating physician's opinion controlling weight" if it is supported by medically accepted diagnostic techniques and is not inconsistent with substantial evidence in the record. *Schaaf v. Astrue*, 602 F.3d 869, 875 (7th Cir. 2010). The unreasonableness of the ALJ's assumption is further highlighted by the strong language we used in pointing out that the ALJ "failed to engage in that searching inquiry," and that his conclusion "based on the mere length of the doctor-patient relationship falls into the category of speculation that is not permitted" by Seventh Circuit case law. *Walker*, 2011 WL 4639841, at *14; *see also Golembiewski.* 382 F.3d at 725.

*Second*, the ALJ pointed to Dr. Piyaka's March 2009 assessment, which stated Mr. Walker was unable to work in any capacity, as portraying Mr. Walker "as being considerably more impaired" than his September 2007 assessment (R. 21). The ALJ found that this conflicted with Dr. Piyaka's notes which showed Mr. Walker was in fact improving (R. 21-22). However, as we noted, "the ALJ failed to discuss or cite to evidence that Dr. Piyaka's finding in March 2009 . . . is in fact consistent with the finding he made in September 2007 . . . that he was unable to perform work related activities." 2011 WL 4639841, at *14. While the ALJ found that Dr. Piyaka's notes showed improvement in Mr. Walker's condition, the Court pointed out the

4

records showed that Mr. Walker's improvement was "sporadic," and suggested that, on remand, the ALJ should "consider not only [Mr. Walker's] periods of improvement but also his periods of regression." *Id.* at *15 n.6.

*Third*, the ALJ had no reasonable basis for his conclusion that Dr. Piyaka's opinion was based on subjective complaints rather than objective reports. For starters, Dr. Piyaka's opinion was in fact supported by more than Mr. Walker's subjective statements. We noted that "contrary to the Commissioner's arguments, Dr. Piyaka and Mr. Walker's therapist . . . recorded multiple [objective] observations." 2011 WL 4639841, at *13. Moreover, the ALJ ignored other objective medical evidence when he summarily rejected Dr. Piyaka's GAF scores. As we noted, *Walker*, 2011 WL 4639841, at *14-15, GAF scores constitute objective evidence relevant to the question of mental functional capacity. *See, e.g., Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010); *see also McClendon v. Astrue*, No. 09 C 3739, 2010 WL 1922765, at *9 (N.D. Ill., May 12, 2010) (noting that the Court was "especially concerned that the ALJ dismissed without any proper basis [the claimant's] low GAF score of 45"). Dr. Piyaka recorded Mr. Walker's GAF at consistently low scores that never exceeded 48, *Walker*, 2011 WL 4639841, at *15, which put the scores a level indicating "serious symptoms or functional limitations." *Craft v. Astrue*, 539 F.3d 668, 676 n.7 (7th Cir. 2008). It was therefore unreasonable for the ALJ to reject Dr. Piyaka's objective measurements merely because the ME stated that GAF scores were "unreliable" in such proceedings (R. at 22), as these scores stood in direct conflict with the ALJ's reasoning underlying his conclusion that Dr. Piyaka's opinion conflicted with his objective reports.

In sum, we conclude that the Commissioner's defense of a determination that suffers from these deficiencies lack substantial justification. We therefore grant Mr. Walker's motion for an award of attorneys' fees under EAJA.

### III.

We now turn to the amount of the award, which needs little discussion. EAJA provides district courts the discretion to award "reasonable" attorneys' fees and costs 28 U.S.C. § 2412(d)(2)(A). Plaintiff's counsel has requested $7,684.94 for attorneys' fees (43 hours at $170.58 per hour) and costs ($350.00 filing fee) during these proceedings (Pl.'s Mot. at 6-7). The Commissioner does not question the reasonableness of the requested costs and fees; and, we find no reason to do so. Although the hourly rate exceeds the statutory maximum of $125.00, we find that the higher hourly rate plaintiff seeks is justified in light of the Consumer Price Index cost of living calculation provided by plaintiff and other cases which have found similar rates reasonable. *See, e.g., Sanco v. Astrue*, 09 C 03701, 2011 WL 1485264 at *1, *4 (N.D. Ill. 2011) (awarding $7,500.05 in fees and costs at an hourly rate of $172.50). We find the amount requested by Mr. Walker for attorneys' fees and costs is reasonable under EAJA, and therefore will grant the request in its entirety.

The parties additionally agree that if the Commissioner can verify that Mr. Walker owes a pre-existing debt to the government, then the government may apply award to offset that debt, and that the remainder will be made payable to Mr. Walker. *See Astrue v. Ratliff,* ___ U.S. ___ 130 S.Ct. 2521 (2010) (holding that an EAJA award belongs to plaintiff, and that an award is subject to offset if the plaintiff owes the government a pre-existing debt). If Mr. Walker does not owe a pre-existing debt subject to offset, the Commissioner agrees to direct the award to Mr. Walker's attorney pursuant to the permissive EAJA assignment signed by Mr. Walker and his

attorney. *See Mathews-Sheets v. Astrue,* 653 F.3d 560, 565-66 (7th Cir. 2011) (determining that under *Ratliff*, it is permissible for the district court to order an award be paid to plaintiff's counsel pursuant to an assignment so long as plaintiff has no pre-existing debt subject to offset).

## CONCLUSION

For the reasons stated above, this Court grants Mr. Walker's motion for attorneys' fees and costs pursuant to EAJA (doc. # 28), in the requested amount of $7,684.94, with the payment (after any applicable offset) being made payable to plaintiff but delivered to the offices of plaintiff's counsel.

ENTER:

_____
SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: February 16, 2012